
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONIS JASIEL LOPEZ GARCIA<br>1319 Taylor Street NW<br>Washington, DC 20011<br><br>PLAINTIFF,<br><br>v.<br><br>SULA, LLC<br>d/b/a MASA14<br>1825 14th Street, NW<br>Washington, DC 20036<br><br>Serve: C T Corporation System<br>1015 15th Street, NW, Suite 1000<br>Washington, DC 20005<br><br>DEFENDANT. | * * * * * * * * * * * * * * * * * * * | Case No.: |

## COMPLAINT

Plaintiff Doni Jasiel Lopez Garcia ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant Sula, LLC ("Sula" or "Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendant under the FLSA and DCMWA.

2. Sula is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. Sula is a latin-asian fusion restaurant in the District of Columbia.

4. At all times during Plaintiff's employment, Defendant employed tools and supplies related to food preparation that originated and otherwise traveled outside of Washington, D.C. and the United States. Thus, Defendant was an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

5. On information and belief, Defendant's gross revenue exceeded $500,000.00 each year during Plaintiff's employment and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely tools and supplies related to food preparation) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

8. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9. Defendant employed Plaintiff from roughly 2008 until November 22, 2015. Plaintiff worked as a sous chef.

10. At no time did Plaintiff perform work duties that fall under an exemption to the FLSA or DCMWA.

11. During Plaintiff's entire employment period, Plaintiff typically and customarily worked between sixty-five (65) and seventy (70) hours per week. Defendant had knowledge of Plaintiffs work hours or, in the alternative, suffered or permitted Plaintiff to work between sixty-five (65) and seventy (70) hours per week.

12. Initially, Defendant paid Plaintiff $11 per hour. Beginning on or about May 2, 2014, Defendant switched Plaintiff to a salary. Defendant paid Plaintiff $913.46 twice per month. This salary did not compensate Plaintiff for the hours he worked over forty (40) in each week ("overtime hours").

13. Defendant failed to pay Plaintiff at one-and-one-half (1.5x) times his regular rate for his overtime hours.

14. Defendant's failure and refusal to pay Plaintiff at one-and-one-half times (1.5x) his regular rate, as required by the FLSA and the DCMWA, was willful and intentional, and was not in good faith. This is evidenced by the fact that Defendants properly paid Plaintiff an hourly rate, including overtime wages, for years before switching him to a salary.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

15. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

16. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all overtime hours.

17. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under the FLSA, 29 U.S.C. § 207(a)(2).

18. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

19. As set forth above, Defendant had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

20. As set forth above, Defendant failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all overtime hours he worked.

21. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith. Defendant switched Plaintiff to a salary-based compensation plan solely to avoid paying Plaintiff his overtime wages. This is evidenced by the fact that Defendants properly paid Plaintiff an hourly rate, including overtime wages, for years before switching him to a salary while his job duties never changed.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated

damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

22. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

23. Plaintiff was Defendant's "employee," and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

24. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all the overtime hours Plaintiff worked.

25. As set forth above, Defendant had knowledge and suffered or permitted Plaintiff to work many overtime hours each week during Plaintiff's employment.

26. As set forth above, Defendant failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

27. Defendant's failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com

*Counsel for Plaintiff*